(85 South. 288)

## WOOTEN et al. v. VAUGHN. (7 Div. 57.)

*(Supreme Court of Alabama. Jan. 22, 1920.)*

Mortgages ⚙➡602 — Mortgagee properly required to account for rent on redemption.

In an action by a mortgagor against his mortgagee, from whom he purchased the land, to redeem on sale of the land on foreclosure by a former mortgagee of a tract including the land in suit, being bought at the foreclosure sale by the plaintiff's mortgagee, *held*, that the court properly required mortgagee to account for the rent for the tract that plaintiff purchased from him.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill to redeem by W. W. Vaughn against S. E. Wooten and others. From the decree rendered, respondents appeal. Affirmed.

J. T. Vaughn, brother of W. W. Vaughn, owned 80 acres of land, which was covered by a $500 mortgage to Mrs. Mitchell. Under an agreement he was to sell the land for $1,000, the purchaser to pay half cash and to assume the mortgage. Wooten purchased the west 40, agreeing to pay $600 for it, and W. W. Vaughn purchased the east 40, but *paid no money therefor.* *Wooten contends* that it was agreed that he buy the land, pay his $500, assume the Mitchell mortgage, and sell to W. W. Vaughn the east 40, but that the deeds were made in his absence by J. T. Vaughn, conveying to Wooten the west 40 and to W. W. Vaughn the east 40. W. W. Vaughn afterwards executed to Wooten a mortgage on the east 40 for $400; it being agreed that the west 40 was worth $600 and the east 40 $400. The west 40 was in the possession of one Wigley under a contract of rental for three bales of seed cotton. W. W. Vaughn failed to pay his mortgage to Wooten, and in December of that year Mrs. Mitchell foreclosed her mortgage on the entire 80, and Wooten became the purchaser of the same.

For further facts, see former report of this case in 202 Ala. 684, 81 South. 660.

Isbell, Scott & Downer, of Ft. Payne, for appellants.

Counsel insist that the evidence is different from that presented on former appeal, and that therefore the court erred in following the same, but they cite no authorities. They insist that the appellant should not have been taxed with the costs. 2 Port. 414; 59 Ala. 535.

A. E. Hawkins and J. A. Johnson, both of Ft. Payne, for appellee.

This cause should be affirmed, on the authority of the former appeal, reported in 81 South. 660.

ANDERSON, C. J. This is the second appeal in this case, and the legal questions were considered and settled upon the former appeal, and the present decree seems to have been in conformity therewith. 202 Ala. 684, 81 South. 660.

It is chiefly urged upon the present appeal that the trial court erred in requiring the appellant Wooten to account for the rent for the appellee's 40 acres for the year 1916, and in taxing the said appellant with the costs. We think that the evidence fully justified the action of the trial court in this respect, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.